IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AARON GREENSPAN,**<br>956 Carolina Street<br>San Francisco, CA 94107<br><br>    **Plaintiff,**<br><br>    v.<br><br>**U.S. DEPARTMENT OF TRANSPORTATION,**<br>1200 New Jersey Avenue, SE<br>Washington, D.C. 20590<br><br>**NATIONAL HIGHWAY TRAFFIC<br>SAFETY ADMINISTRATION,**<br>1200 New Jersey Avenue, SE<br>West Building<br>Washington, D.C. 20590<br><br>**U.S. SECURITIES AND EXCHANGE<br>COMMISSION,**<br>100 F Street, NE<br>Washington, D.C. 20549<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# COMPLAINT

1.      Plaintiff AARON GREENSPAN brings this Freedom of Information Act suit to force Defendants U.S. DEPARTMENT OF TRANSPORTATION ("DOT"), NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION ("NHTSA"), and U.S. SECURITIES AND EXCHANGE COMMISSION ("SEC") to produce various agency records pertaining to its investigations into Tesla and its products.  In violation of FOIA, Defendants failed to issue a determination within the statutory deadline and failed to produce records responsive to the requests.

## PARTIES

2.      AARON GREENSPAN made the FOIA requests at issue in this case. GREENSPAN founded and operates PlainSite, an online platform created as an initiative to further legal transparency and anti-corruption by making government and business dealings more accessible and transparent to the general public.

3.      Defendant U.S. DEPARTMENT OF TRANSPORTATION ("DOT") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

4.      Defendant NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION ("NHTSA") is a component of DOT and a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

5.      Defendant U.S. SECURITIES AND EXCHANGE COMMISSION ("SEC") is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

6.      This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

7.      Venue is proper under 5 U.S.C. § 552(a)(4)(B).

**MARCH 7, 2021 FOIA REQUEST TO NHTSA (SELF-DRIVING VEHICLES)**

8.      On March 7, 2021, GREENSPAN submitted a FOIA request to NHTSA for "[c]opies of any and all e-mails (with attachments), letters and/or subpoenas to or from Tesla, Inc. (domain names tesla.com or teslamotors.com) from June 3, 2019 through present regarding self-driving vehicles, autonomous vehicles, smart summon, and/or 'robo-taxis' (with or without the hyphen)."  The online portal's confirmation page that quotes the original FOIA request is attached as Exhibit 1.

9. On April 15, 2021, NHTSA acknowledged receipt of the request and assigned reference number ES21-000275 to the matter. Ex. 2.

10. On October 19, 2021, GREENSPAN sought a status update of the request, but NHTSA never responded. Ex. 3.

11. Having received no further correspondence from NHTSA, GREENSPAN sought a status update of the request on three additional occasions, on October 29, 2021, November 1, 2021, and November 2, 2021. *Id.*

12. On November 4, 2021, NHTSA stated that it is "still conducting a search for responsive records." *Id.*

13. As of the date of this filing, NHTSA has not issued a determination within twenty business days under 5 U.S.C. § 552(a)(6)(A)(i) and has not complied with the statutory requirement under 5 U.S.C. § 552(a)(3)(A) to make the records promptly available to any person. Nor has NHTSA complied with the statutory requirement under 5 U.S.C. § 552(a)(7)(B)(ii) to furnish an estimated completion date when requested.

**MAY 27, 2021 FOIA REQUEST TO NHTSA (RADAR REMOVAL)**

14. On May 27, 2021, GREENSPAN submitted a FOIA request to NHTSA for "[a]ll e-mails (to or from tesla.com domain name, or generated by NHTSA or DOT), memoranda, presentations, briefings, meeting notes, videoconference/call notes, test results, or other documents from February 1, 2021[,] through present regarding the disabling and/or removal of radar from certain Tesla vehicles." The online portal's confirmation page that quotes the original FOIA request is attached as Exhibit 4.

15. On June 1, 2021, NHTSA acknowledged receipt of the request and assigned reference number ES21-000398 to the matter. Ex. 5.

16. On October 19, 2021, GREENSPAN sought a status update of the request, but NHTSA never responded. Ex. 3.

17. Having received no further correspondence from NHTSA, GREENSPAN sought a status update of the request on three additional occasions, on October 29, 2021, November 1, 2021, and November 2, 2021. *Id.*

18. On November 4, 2021, NHTSA stated that it is "reviewing the search results" and "anticipate[s] providing a response by the end of November." *Id.*

19. Having received no further correspondence from NHTSA, GREENSPAN sought another status update and asked for an estimated date of completion for the request on December 8, 2021, but NHTSA never responded. Ex. 6.

20. As of the date of this filing, NHTSA has not issued a determination within twenty business days under 5 U.S.C. § 552(a)(6)(A)(i) and has not complied with the statutory requirement under 5 U.S.C. § 552(a)(3)(A) to make the records promptly available to any person. Nor has NHTSA complied with the statutory requirement under 5 U.S.C. § 552(a)(7)(B)(ii) to furnish an estimated completion date when requested.

**SEPTEMBER 1, 2021 FOIA REQUEST TO SEC (TESLA INVESTIGATION)**

21. On or around September 1, 2021, GREENSPAN submitted a FOIA request to SEC for the entire case file for SEC Investigation No. SF-04322. This investigation pertains to Tesla, Inc and was opened at the end of 2019. SEC's determination letter that summarizes the request is attached as Exhibit 7.

22. SEC assigned reference number 21-02652-FOIA to the matter. *Id.*

23. On September 24, 2021, SEC denied the request in its entirety by citing Exemption 7(A) of FOIA. *Id.*

24. On November 17, 2021, GREENSPAN appealed the denial. Ex. 8.

25. SEC assigned reference number 22-00052-APPS to the appeal.

26. On December 16, 2021, SEC determined that "FOIA Exemption 7(A) no longer applies" to the records responsive to the request and remanded the request for further processing. Ex. 9.

27. On December 22, 2021, SEC assigned a new reference number, 22-00016-REMD to the remanded request. Ex. 10.

28. SEC's deadline to issue a remanded determination was January 21, 2022.

29. As of the date of this filing, SEC has not issued its remanded determination and has produced no records responsive to the request.

**NOVEMBER 26, 2021 FOIA REQUEST (CRUMPTON & ETHICS COUNSEL)**

30. On November 26, 2021, GREENSPAN submitted a FOIA request to SEC for "[a]ny communications between former SEC employee Cheryl Crumpton and the SEC Office of the Ethics Counsel from May 1, 2019 through July 31, 2019, including but not limited to statements required by 17 CFR § 200.735-8." The SEC FOIA request page as submitted is attached as Exhibit 11.

31. On November 29, 2021, SEC acknowledged receipt of the request and assigned reference number 22-00690-FOIA to the matter. Ex. 12.

32. Having received no further correspondence from SEC, GREENSPAN sought an estimated date of completion for the request on January 18, 2022. Ex. 13.

33. SEC never responded to GREENSPAN's inquiry regarding the estimated date of completion for the request.

34. As of this date of filing, SEC has not issued a determination within twenty business days under 5 U.S.C. § 552(a)(6)(A)(i) and has not complied with the statutory requirement under 5 U.S.C. § 552(a)(3)(A) to make the records promptly available to any person.

Nor has SEC complied with the statutory requirement under 5 U.S.C. § 552(a)(7)(B)(ii) to furnish an estimated completion date when requested.

### COUNT I – MARCH 7, 2021 FOIA REQUEST TO NHTSA (SELF-DRIVING VEHICLES), NHTSA'S FOIA VIOLATION

35. The above paragraphs are incorporated herein.

36. The Request seeks disclosure of agency records and were properly made.

37. DOT and its component NHTSA are federal agencies and subject to FOIA.

38. Included within the scope of the Request are one or more records or portions of records that are not exempt under FOIA.

39. In violation of 5 U.S.C. § 552(a)(6)(A)(i) and (a)(3)(A), DOT and NHTSA have failed to issue a determination and have failed to promptly produce records responsive to the Request.

### COUNT II – MAY 27, 2021 FOIA REQUEST TO NHTSA (RADAR REMOVAL), NHTSA'S FOIA VIOLATION

40. The above paragraphs are incorporated herein.

41. The Request seeks disclosure of agency records and were properly made.

42. DOT and its component NHTSA are federal agencies and subject to FOIA.

43. Included within the scope of the Request are one or more records or portions of records that are not exempt under FOIA.

44. In violation of 5 U.S.C. § 552(a)(6)(A)(i) and (a)(3)(A), DOT and NHTSA have failed to issue a determination and have failed to promptly produce records responsive to the Request.

### COUNT III – SEPTEMBER 1, 2021 FOIA REQUEST TO SEC (TESLA INVESTIGATION), SEC'S FOIA VIOLATION

45. The above paragraphs are incorporated herein.

46. The Request seeks disclosure of agency records and were properly made.

47. SEC is a federal agency and subject to FOIA.

48. Included within the scope of the Request are one or more records or portions of records that are not exempt under FOIA.

49. In violation of 5 U.S.C. § 552(a)(6)(A)(i) and (a)(3)(A), SEC has failed to issue a determination and has failed to promptly produce records responsive to the Request.

**COUNT IV – NOVEMBER 26, 2021 FOIA REQUEST TO SEC
(CRUMPTON & ETHICS COUNSEL),
SEC'S FOIA VIOLATION**

50. The above paragraphs are incorporated herein.

51. The Request seeks disclosure of agency records and were properly made.

52. SEC is a federal agency and subject to FOIA.

53. Included within the scope of the Request are one or more records or portions of records that are not exempt under FOIA.

54. In violation of 5 U.S.C. § 552(a)(6)(A)(i) and (a)(3)(A), SEC has failed to issue a determination and has failed to promptly produce records responsive to the Request.

**WHEREFORE**, GREENSPAN asks the Court to:

i. declare that Defendants have violated FOIA;

ii. order Defendants to conduct a reasonable search for records responsive to the requests and issue determinations pursuant to 5 U.S.C. § 552(a)(3)(B)-(C) and (6)(A)(i);

iii. order Defendants to promptly produce all non-exempt records responsive to the requests or portions of the requests pursuant to 5 U.S.C. § 552(a)(3)(A);

iii. enjoin Defendants from withholding non-exempt public records under FOIA pursuant to 5 U.S.C. § 552(a)(4)(B);

iv. award Plaintiff attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E)(i); and

v. award such other relief the Court considers appropriate.

Dated: February 3, 2022

                                    RESPECTFULLY SUBMITTED,

                                    */s/ Matthew V. Topic*

                                    Attorney for Plaintiff
                                    AARON GREENSPAN

Matthew Topic, D.C. Bar No. IL 0037
Merrick Wayne, D.C. Bar No. IL 0058
Shelley Geiszler, D.C. Bar No. IL 0087
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com