UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON GREENSPAN,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF TRANSPORTATION, *et al.*,<br><br>*Defendants.* | Civil Action No. 22-0280 (DLF) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PARTIAL MOTION TO DISMISS**

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

DOUGLAS C. DREIER, D.C. Bar No. 1020234
Assistant United States Attorney – Civil Division
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W., Washington, D.C.  20530
(202) 252-2551
douglas.dreier@usdoj.gov

*Counsel for Defendants*

## TABLE OF CONTENTS

BACKGROUND ............................................................................................................................. 1

STANDARDS OF REVIEW ........................................................................................................ 3

ARGUMENT ................................................................................................................................. 4

    I.    Plaintiff Lacks Standing to Seek Such Broad Declaratory Relief. ................................. 4

    II.    Plaintiff's Declaratory Judgment Claim Is Premised on a Fundamental Misreading of the Agency's Regulations and Disregards the Agency's Legal Obligation to Protect Confidential Information. ................................................................................................ 5

    III.    To the Extent Permitted by Law, FOIA Provides the Mechanism for Review of Plaintiff's Claim, Not the Declaratory Judgment Act. ................................................................... 8

CONCLUSION .............................................................................................................................. 9

## TABLE OF AUTHORITIES

**Cases**          **Page(s)**

*Am. Nat'l Ins. Co. v. FDIC*,
    642 F.3d 1137 (D.C. Cir. 2011) ................................................................................................ 3

*Arpaio v. Obama*,
    797 F.3d 11 (D.C. Cir. 2015) ................................................................................................ 4, 5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................. 3

*Baker v. Carr*,
    369 U.S. 186 (1962) ................................................................................................................. 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................. 3

*Edmonds Inst. v. Dep't of Interior*,
    383 F. Supp. 2d 105 (D.D.C. 2005) ..................................................................................... 8, 9

*Feinman v. FBI*,
    680 F. Supp. 2d 169 (D.D.C. 2010) ......................................................................................... 5

*Herbert v. Nat'l Acad. of Scis.*,
    974 F.2d 192 (D.C. Cir. 1992) ............................................................................................. 3

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ...................................................................................................... 3, 4

*Middle E. Forum v. Dep't of Treas.*,
    317 F. Supp. 3d 257 (D.D.C. 2018) ................................................................................... 8

*Papasan v. Allain*,
    478 U.S. 265 (1986) ...................................................................................................... 3, 4

*Thomas v. Principi*,
    394 F.3d 970 (D.C. Cir. 2005) ........................................................................................... 3

*United Transp. Union v. ICC*,
    891 F.2d 908 (D.C. Cir. 1989) ........................................................................................... 4

*Warth v. Seldin*,
    422 U.S. 490 (1975) ........................................................................................................... 4

**Statutes**

18 U.S.C. § 1905 ...................................................................................................................... 6
49 U.S.C. § 30101 .................................................................................................................... 6
49 U.S.C. § 30167 ................................................................................................................. 6, 8

**Rules and Regulations**

49 C.F.R. § 1.95 ....................................................................................................................... 6
49 C.F.R. § 209.11 ................................................................................................................... 7
49 C.F.R. § 512.17 ............................................................................................. 1, 2, 5, 6, 7, 8
49 C.F.R. § 512.18 ................................................................................................................... 7
49 C.F.R. § 512.19 ................................................................................................................... 8
49 C.F.R. § 512.20 ................................................................................................................... 8
49 C.F.R. § 670.13 ................................................................................................................... 7
Fed. R. Civ. P. 12 ................................................................................................................. 1, 3

Pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6), Defendants respectfully submit this memorandum of points and authorities in support of their partial motion to dismiss this Freedom of Information Act ("FOIA") litigation. Defendants' motion addresses Count IV of the Third Amended Complaint, which "seeks a Declaratory Judgment clarifying that Plaintiff has the right to the immediate production of records under FOIA in all past, present and future FOIA requests where Defendants have improperly withheld records due to expired requests for confidential treatment because they have ruled belatedly with no justification for their delay and/or requests for confidential treatment upon which they have never issued a ruling beyond the timeframes described in 49 C.F.R. § 512.17(a)." 3d Am. Compl. (ECF No. 21) ¶ 72. Count IV suffers from multiple fatal issues, not least of which is that it is premised on a mistaken understanding of the National Highway Traffic Safety Administration's ("Agency" or "NHTSA") statutory and regulatory obligations.

## BACKGROUND

Plaintiff initiated this FOIA action on February 3, 2022. The initial Complaint named three defendants: the U.S. Department of Transportation, the Agency, and the U.S. Securities and Exchange Commission ("SEC"). It sought relief regarding four FOIA requests that were identified as: (1) March 7, 2021 FOIA Request to the Agency (Self-Driving Vehicles); (2) May 27, 2021 FOIA Request to the Agency (Radar Removal); and (3) two FOIA requests to the SEC. Plaintiff filed a First Amended Complaint on March 24, 2022 (ECF No. 5), which added three further FOIA requests to the SEC. On April 19, 2022, Plaintiff filed a Second Amended Complaint (ECF No. 7). The Second Amended Complaint dropped the SEC as a defendant and, accordingly, dropped the various FOIA requests to the SEC.

On October 11, 2022, the Court permitted Plaintiff to file a Third Amended Complaint. The Third Amended Complaint (ECF No. 21) adds another FOIA request to the scope of this action, which is referred to as the March 7, 2021 FOIA Request to the Agency (Ajit Alkondon). More relevant here, it adds a declaratory judgment claim regarding any records purportedly subject to "expired" requests for confidential treatment. 3d Am. Compl. ¶¶ 64–72.

By its terms, the declaratory judgment that Plaintiff seeks is sweeping. *Id.* ¶ 72. It seeks a declaratory judgment that "clarif[ies] that Plaintiff has the right to immediate production of records under FOIA in all past, present and future FOIA requests where Defendants have improperly withheld records due to expired requests for confidential treatment . . . and/or requests for confidential treatment upon which they have never issued a ruling beyond the timeframes described in 49 C.F.R. § 512.17(a)." *Id.* This request makes no distinction between FOIA requests submitted by Plaintiff and those FOIA requests submitted by non-parties. It also applies not just to FOIA requests submitted to the Agency, but to FOIA requests submitted to the Department of Transportation, as well. *Id.* The Transportation Department includes a diverse group of sub-agencies, including the Federal Aviation Administration, the Office of Inspector General, the Federal Highway Administration, the Pipeline and Hazardous Materials Safety Administration, the Federal Motor Carrier Safety Administration, the Federal Railroad Administration, the Great Lakes St. Lawrence Seaway Development Corporation, the Federal Transit Administration, and the Maritime Administration. *See* Dep't of Transp., *U.S. Department of Transportation Administrations*, https://www.transportation.gov/administrations (Aug. 23, 2021). Plaintiff's request demands an order that would give Plaintiff "the right to immediate production of records under FOIA," presumably upon his request to either Defendant. 3d Am. Compl. ¶ 72. It seeks an order that would run roughshod over the confidentiality interests of any non-party to this litigation

2

that has ever submitted confidential information to the Transportation Department or any of its components.

## STANDARDS OF REVIEW

Under Rule 12(b)(1), a petitioner bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). A court considering a Rule 12(b)(1) motion must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). A court may examine materials outside the pleadings as it deems appropriate to resolve the question of its jurisdiction. *See Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

Under Rule 12(b)(6), the Court may dismiss a complaint where a petitioner fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the petitioner. *Id.* Nevertheless, a court is not required to accept as true conclusory allegations or unwarranted factual deductions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, the focus is on the

language in the complaint and whether that sets forth sufficient factual allegations to support Petitioner's claim for relief. *See id.*

## ARGUMENT

### I.  Plaintiff Lacks Standing to Seek Such Broad Declaratory Relief.

The doctrine of constitutional standing—an essential aspect of the case-or-controversy requirement of Article III, § 2—requires that a petitioner have "'a personal stake in the outcome of the controversy' [so] as to warrant his invocation of federal-court jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (quoting *Baker v. Carr*, 369 U.S. 186 (1962)). At its "irreducible constitutional minimum," the doctrine requires satisfaction of three elements: (1) a concrete and particularized injury-in-fact, either actual or imminent, (2) a causal connection between the injury and defendant's challenged conduct, and (3) a likelihood that the injury suffered will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560–61.

"[B]ecause [Plaintiff] must rest his claims for declaratory and injunctive relief on predicted future injury, he bears a 'more rigorous burden' to establish standing." *Arpaio v. Obama*, 797 F.3d 11, 21 (D.C. Cir. 2015) (citations omitted) (quoting *United Transp. Union v. ICC*, 891 F.2d 908, 913 (D.C. Cir. 1989)). "'When considering any chain of allegations for standing purposes, we may reject as overly speculative those links which are predictions of future events (especially future actions to be taken by third parties),' as well as predictions of future injury that are 'not normally susceptible of labelling as true or false.'" *Id.* (internal quotation marks omitted) (quoting *United Transp.*, 891 F.2d at 913). "In order to establish standing premised on future injury, [Plaintiff] 'must demonstrate a realistic danger of sustaining a direct injury.'" *Id.* (quoting *United Transp.*, 891 F.2d at 913).

4

Here, the broad declaration Plaintiff seeks, a declaration which is phrased more like an injunction, would permit Plaintiff to receive immediately any "records under FOIA in all past, present and future FOIA requests where Defendants have improperly withheld records due to expired requests for confidential treatment . . . and/or requests for confidential treatment upon which they have never issued a ruling beyond the timeframes described in 49 C.F.R. § 512.17(a)." 3d Am. Compl. ¶ 72.

Plaintiff lacks standing to receive documents requested by FOIA litigants other than himself. *See Feinman v. FBI*, 680 F. Supp. 2d 169, 172 (D.D.C. 2010) ("[I]t is well established that standing under FOIA is limited to the person who made the initial request."). Plaintiff also lacks standing to seek a declaratory judgment that would apply to FOIA requests that he might at some unknown point in the future submit and that might involve a request for confidential treatment that is granted more than twenty days after it is issued. *See Arpaio*, 797 F.3d at 21. Plaintiff's claim of future injury is overly speculative, and Plaintiff fails to meet his more rigorous burden to demonstrate standing for future injury. *See id.* Accordingly, Plaintiff lacks standing due to the breadth of the declaration he seeks.

II.     **Plaintiff's Declaratory Judgment Claim Is Premised on a Fundamental Misreading of the Agency's Regulations and Disregards the Agency's Legal Obligation to Protect Confidential Information.**

Even for those portions of Plaintiff's declaratory request for which he would have standing (i.e., for FOIA requests Plaintiff has submitted), Plaintiff's request is premised on the notion that a request for confidential treatment regarding information submitted to the Department of Transportation or the Agency may expire if the Transportation Department or the Agency does not act upon it within twenty days. This is wrong for five reasons.

First, the Agency has legal obligations to protect confidential information apart from its regulation, and public disclosure of such information is statutorily allowed in only specifically

5

enumerated ways. *See* 49 U.S.C. § 30167(a). Specifically, confidential information obtained by the Agency "may be disclosed only in the following ways: . . . (3) to the public if the confidentiality of the information is preserved[,] [or] (4) to the public when the Secretary of Transportation decides that disclosure is necessary to carry out section 30101 of this title." *Id.*; *see also id.* § 30101 ("The purpose of this chapter is to reduce traffic accidents and deaths and injuries resulting from traffic accidents."). If an Agency officer or employee "publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information" that "concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association," then that officer or employee "shall be fined under this title, or imprisoned not more than one year, or both" and "shall be removed from office or employment." 18 U.S.C. § 1905.

Disclosing confidential information to Plaintiff would not preserve the information's confidentiality, so disclosure would be permitted only "when the Secretary of Transportation decides that disclosure is necessary." 49 U.S.C. § 30167(a). Plaintiff's requested declaration seeks to rewrite this statutory demand for an affirmative act by the Secretary to permit inaction or a failure to follow a regulatory timeline to serve as the basis for disclosure. Congress, however, elected to require the Secretary of Transportation (whose authority here is delegated to the Agency, 49 C.F.R. § 1.95) to decide affirmatively that disclosure is necessary before confidential information may be disclosed. 49 U.S.C. § 30167(a).

Second, the regulation in question applies only to requests for confidential treatment that are submitted to the Agency and has no relevancy to any other agency within the Department of Transportation. *See* 49 C.F.R. § 512.17. Other regulations may apply to different agencies within

6

the Department. *See, e.g.*, *id.* § 209.11 (Federal Railroad Administration); *id.* § 670.13 (Federal Transit Administration).

Third, the regulation is not mandatory. Its title is: "How long *should* it take to determine whether information is entitled to confidential treatment?" *Id.* § 512.17 (emphasis added); *see also* Confidential Business Information, 67 Fed. Reg. 21,198, 21,200 (Apr. 30, 2002) ("This subpart of the proposed regulation would also cover such procedural matters as who makes confidentiality decisions within the agency, how long it should take the agency to make decisions on confidentiality requests, and how submitters who request confidential treatment for their information are notified of the agency's decision."). Section 512.17(a) includes two separate timelines for requests for confidential treatment when information is required under FOIA, but explicitly provides that "these time periods may be extended by the Chief Counsel for good cause shown or on request from any person." 49 C.F.R. § 512.17(a). As for information not requested under FOIA, the regulation provides that "the determination of confidentiality will be made within a reasonable period of time, at the discretion of the Chief Counsel." *Id.* § 512.17(b).

Fourth, this regulation affords rights to those who submit confidential information to the Agency, not to FOIA requestors. This subpart of the Code of Federal Regulations is specifically addressed to submitters of confidential information, not to FOIA requestors. *See id.* §§ 512.14–512.19; *see also* Confidential Business Information, 67 Fed. Reg. at 21,198 (explaining, in the notice of the rule change, that "changes are being proposed to make the regulation clearer and easier to follow, particularly for organizations or individuals who do not submit materials to the agency on a regular or frequent basis"). For instance, Section 512.18 is entitled "[h]ow will I be notified of the confidentiality determination," and it accordingly addresses how the submitter of confidential information will be notified. 49 C.F.R. § 512.18. Likewise, the

7

following section is entitled "[w]hat can I do if I disagree with the determination," and it again describes the rights afforded to submitters of confidential information whose requests for confidential treatment are denied. *Id.* § 512.19.

Fifth, a separate regulation explicitly provides that "[i]nformation received by NHTSA, for which a properly filed confidentiality request is submitted, will be kept confidential until the Chief Counsel makes a determination regarding its confidentiality. Such information will not be disclosed publicly, except in accordance with this part." *Id.* § 512.20. Because this regulation explicitly prohibits disclosure of information subject to a confidentiality request prior to a determination regarding its confidentiality, the Agency cannot disclose information subject to a request for confidential treatment prior to making that determination. *Id.* Indeed, this is required by statute. *See* 49 U.S.C. § 30167(a) ("Information . . . related to a confidential matter . . . may be disclosed only in the following ways: . . . (4) to the public when the Secretary of Transportation decides that disclosure is necessary[.]"). Thus, Plaintiff's belief that the result of a purported violation of the deadlines set forth in 49 C.F.R. § 512.17(a) must be the immediate disclosure of this confidential information is foreclosed both by 49 U.S.C. § 30167(a) and by 49 C.F.R. § 512.20.

### III. To the Extent Permitted by Law, FOIA Provides the Mechanism for Review of Plaintiff's Claim, Not the Declaratory Judgment Act.

Moreover, a declaratory judgment claim is not the appropriate way for Plaintiff to litigate the Agency's Exemption 4 withholdings in this case. "[T]he standard remedy for FOIA violations is injunctive relief," not declaratory relief. *Middle E. Forum v. Dep't of Treas.*, 317 F. Supp. 3d 257, 265 (D.D.C. 2018) (Bates, J.). This is because the FOIA statute "offers a clear and simple remedy for agency non-compliance with the FOIA deadlines: a motion [for summary judgment] asking the court to compel the agency to act." *Edmonds Inst. v. Dep't of Interior*, 383 F. Supp. 2d

8

105, 111 (D.D.C. 2005) (Bates J.). The Court will not grant declaratory relief if the plaintiff "does not explain how this remedy is inadequate, or why [he] cannot avail itself of this remedy the next time the [government] fails to adhere to the deadlines under FOIA." *Id.* Plaintiff makes no attempt to do so here.

## CONCLUSION

For the foregoing reasons, Defendants requests that the Court grant this motion and dismiss Count IV of the Third Amended Complaint.

Dated: October 25, 2022

Respectfully Submitted,

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ *Douglas C. Dreier*
DOUGLAS C. DREIER, D.C. Bar No. 1020234
Assistant United States Attorney – Civil Division
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2551
douglas.dreier@usdoj.gov

*Counsel for Defendants*