UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON GREENSPAN,<br><br>                  *Plaintiff,*<br><br>          v.<br><br>U.S. DEPARTMENT OF<br>TRANSPORTATION, *et al.*,<br><br>                  *Defendants*. | Civil Action No. 22-0280 (DLF) |

**DEFENDANTS' REPLY IN SUPPORT OF**
**<u>PARTIAL MOTION TO DISMISS</u>**

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

DOUGLAS C. DREIER, D.C. Bar No. 1020234
Assistant United States Attorney – Civil Division
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C.  20530
(202) 252-2551
douglas.dreier@usdoj.gov

*Counsel for the United States of America*

# TABLE OF CONTENTS

BACKGROUND ................................................................................................................ 1

ARGUMENT ................................................................................................................... 2

I.    Plaintiff Concedes That He Lacks Standing to Seek the Broad Declaration Requested in the Third Amended Complaint. ..................................................................................... 2

II.    Plaintiff's Declaratory Judgment Claim Is Premised on a Fundamental Misreading of the Agency's Regulations and Disregards the Agency's Statutory Obligation to Protect Confidential Information. ............................................................................................................... 4

III.    To the Extent Permitted by Law, FOIA Provides the Mechanism for Review of Plaintiff's Claim, Not the Declaratory Judgment Act ................................................... 7

CONCLUSION ................................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**                                                                                      **Page(s)**

*Abusadeh v. Chertoff*,
    Civ. A. No. 06-2014 (CKK), 2007 WL 2111036 (D.D.C. July 23, 2007) .............................. 3

*Arbitraje Casa de Cambio, S.A. v. U.S. Postal Serv.*,
    297 F. Supp. 2d 165 (D.D.C. 2003) ................................................................................. 3

*August v. FBI*,
    328 F.3d 697 (D.C. Cir. 2003) ......................................................................................... 7

*Brown v. Gardner*,
    513 U.S. 115 (1994) ......................................................................................................... 5

*Edmonds Inst. v. Dep't of Interior*,
    383 F. Supp. 2d 105 (D.D.C. 2005) ............................................................................. 7, 8

*Home Health Licensing Specialists Inc. v. Leavitt*,
    Civ. A. No. 07-2150, 2008 WL 4830543 (N.D. Tex. Nov. 7, 2008) .............................. 4

*Khoshmood v. Berryhill*,
    715 F. App'x 4 (D.C. Cir. 2018) (per curiam) ............................................................... 3

i

*Marquez v. Pompeo*,
 Civ. A. No. 20-3225 (TSC), 2022 WL 43492 (D.D.C. Jan. 5, 2022) ........................................ 3

*Middlebrooks v. Godwin Corp.*,
 722 F. Supp. 2d 82 (D.D.C. 2010)............................................................................................ 3

*Miller v. Biden*,
 No. 22-5179, 2022 WL 3648835 (D.C. Cir. Aug. 24, 2022) (per curiam) .............................. 3

*Sack v. Dep't of Def.*,
 823 F.3d 687 (D.C. Cir. 2016) ................................................................................................... 7

**Statutes**

49 U.S.C. § 30101 ............................................................................................................................ 4

49 U.S.C. § 30167 ..................................................................................................................... 4, 5, 6

**Rules**

Fed. R. Civ. P. 8 ........................................................................................................................... 3, 4

LCvR 7 ............................................................................................................................................. 4

**Regulations**

49 C.F.R. §§ 512.14–512.19 ........................................................................................................... 6

\* 49 C.F.R. § 512.17 .............................................................................................................. 1, 2, 4, 5

49 C.F.R. § 512.18 ........................................................................................................................... 6

49 C.F.R. § 512.19 ........................................................................................................................... 6

49 C.F.R. § 512.20 ...................................................................................................................... 2, 6

49 C.F.R. § 512.23 ........................................................................................................................... 6

Defendants, U.S. Department of Transportation and National Highway Traffic Safety Administration ("NHTSA" or Agency"), respectfully submit this reply in support of their partial motion to dismiss (ECF No. 22).

**BACKGROUND**

Plaintiff's opposition (ECF No. 26) rests primarily upon a misreading of language in a NHTSA administrative appeal decision that he received on a Freedom of Information Act (FOIA) request that is not at issue in this civil action. *See* Admin. Appeal Decision (ECF No. 26-1) at 2–5. This misreading leads Plaintiff, in turn, to misunderstand NHTSA's regulations to conclude that a claimed procedural technicality in a regulation overrides a statutory confidentiality protection by automatically entitling him to material for which third parties have requested confidentiality.[1]  In actuality, the administrative appeal determination did not affect any of the governing statutory or regulatory principles that bear upon the confidential business information ("CBI") issues in this case.

To the contrary, the administrative appeal decision reiterated the framework that "[p]ursuant to NHTSA regulations, when a properly filed confidentiality request is submitted for information submitted to the agency, it 'will be kept confidential until the Chief Counsel makes a

---

[1]     Plaintiff's confusion about the administrative appeal appears to arise from a misreading of a nuanced procedural aspect of that separate proceeding.  In that case, the Agency issued a final FOIA response before a final determination had been reached on requests for confidential treatment that pertained to records encompassed by the FOIA request.  Accordingly, on administrative appeal, the NHTSA Chief Counsel remanded the case to NHTSA's FOIA Office to reopen the FOIA request until a final confidentiality determination could be made for those records.  In doing so, the Chief Counsel noted that the ordinary regulatory timeframe for a CBI determination under NHTSA's regulations had passed.  *See* Admin. Appeal Decision (ECF No. 26-1) at 4 ("NHTSA regulations further provide that 'when information claimed to be confidential is requested under the [FOIA],' the determination will ordinarily be made within twenty working days.'") (quoting 49 C.F.R.  512.17(a)).  As such, the Chief Counsel remanded for this confidentiality determination to be completed in order to complete the FOIA response.  This is consistent with the Chief Counsel's discretion to extend Section 512.17(a)'s regulatory timelines "for good cause shown or on request from any person."  49 C.F.R. § 512.17(a).

determination regarding its confidentiality.'"  Admin. Appeal Decision at 3–4 (quoting 49 C.F.R.
§ 512.20).  This approach is consistent with the controlling statutory protections that apply to
material potentially eligible for confidential treatment.  Those statutory principles form the basis
of the Agency's original motion and underscore the need to protect material for which CBI is
requested until a final CBI determination has occurred.  Nothing in the administrative appeal,
NHTSA's regulations, or the governing statutes permits statutorily protected confidentiality
interests of third parties to be waived due to the Agency's delay in adjudicating confidentiality
requests.

    Accordingly, Plaintiff's entire claim for a declaratory judgment is based on a flawed
premise.  Beyond this faulty assumption, Plaintiff also lacks standing for most of the declaratory
relief sought and also attempts to prematurely raise issues more appropriately left for later stages
of FOIA litigation.  As such, Plaintiff's declaratory judgment claim should be dismissed.

## ARGUMENT

**I.    Plaintiff Concedes That He Lacks Standing to Seek the Broad Declaration Requested
    in the Third Amended Complaint.**

    The Third Amended Complaint stated multiple times that Plaintiff sought the broad
declaratory relief discussed in Defendants' opening brief.  *See, e.g.*, 3d Am. Compl. (ECF No. 21)
¶ 72 ("Plaintiff seeks a Declaratory Judgment clarifying that Plaintiff has the right to the immediate
production of records under FOIA in all past, present and future FOIA requests where Defendants
have improperly withheld records due to expired requests for confidential treatment they have
ruled upon belatedly with no justification for their delay and/or requests for confidential treatment
upon which they have never issued a ruling beyond the timeframes described in 49 C.F.R.
§ 512.17(a)."); *id.* at Prayer (asking the Court to "declare . . . that any confidential treatment
request expired pursuant to 49 C.F.R. § 512.17(a) must be treated as denied").  As Defendants

explained in their opening brief, while the doctrine of standing would not preclude Plaintiff from seeking a much narrower declaratory judgment, no standing exists for the breadth of the particular request in the Third Amended Complaint.

Rather than challenge Defendants' standing arguments, Plaintiff has asserted that Defendants' arguments are "pointless" because Plaintiff is amending the declaratory judgment that he seeks through his opposition brief. *See* Pl.'s Opp'n (ECF No. 26) at 3–4 ("The verbiage in ¶ 72 was not intended to be the verbatim text of a ruling by this Court[.]").  Plaintiff may not amend the operative complaint through an opposition to Defendants' motion to dismiss.  *See Marquez v. Pompeo*, Civ. A. No. 20-3225 (TSC), 2022 WL 43492, at *6 (D.D.C. Jan. 5, 2022) ("Plaintiff cannot amend her Complaint by adding . . . claims in a responsive brief."); *Middlebrooks v. Godwin Corp.*, 722 F. Supp. 2d 82, 87 n.4 (D.D.C. 2010) ("[*Pro se*] plaintiff may not amend her complaint by the briefs in opposition to a motion to dismiss."), *aff'd*, 424 F. App'x 10 (D.C. Cir. 2011) (per curiam); *Abusadeh v. Chertoff*, Civ. A. No. 06-2014 (CKK), 2007 WL 2111036, at *7 (D.D.C. July 23, 2007) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Arbitraje Casa de Cambio, S.A. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003)).

However, even if the plain language could be set aside and the Third Amended Complaint instead read as not attempting to define the declaration that Plaintiff seeks, Plaintiff has walked himself into a separate problem.  In such a case, he has failed to include in his Third Amended Complaint "a demand for the relief sought," which is a requirement for a proper complaint.  Fed. R. Civ. P. 8(a)(3); *see also Miller v. Biden*, No. 22-5179, 2022 WL 3648835, at *1 (D.C. Cir. Aug. 24, 2022) (per curiam) (affirming dismissal of *pro se* complaint because the "district court correctly concluded that appellant's complaint failed to comply with the requirements of Federal

Rule of Civil Procedure 8(a)"); *Khoshmood v. Berryhill*, 715 F. App'x 4, 4 (D.C. Cir. 2018) (per curiam) ("The court did not abuse its discretion in dismissing the complaint and civil action without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a), which requires . . . 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(3)); *Home Health Licensing Specialists Inc. v. Leavitt*, Civ. A. No. 07-2150, 2008 WL 4830543, at *11 (N.D. Tex. Nov. 7, 2008) (confirming that, to state a declaratory judgment claim, the complaint must "include specificity sufficient to identify the declaration sought").  While the Third Amended Complaint must be judged based on the words it uses, Plaintiff's backtracking, which is inconsistent with the words of the Third Amended Complaint, would serve only to cause greater problems, as this Rule 8(a) failing would be an independent basis for dismissal of the entire claim.[2]

## II.    Plaintiff's Declaratory Judgment Claim Is Premised on a Fundamental Misreading of the Agency's Regulations and Disregards the Agency's Statutory Obligation to Protect Confidential Information.

Defendants provided five reasons why the Agency's purported failure to comply with the timeline suggested in 49 C.F.R. § 512.17(a) would not mandate the disclosure of a nonparty's confidential business information.  Plaintiff fails to directly rebut any of these reasons.

First, Plaintiff has almost nothing to say in response to the clear statutory demand that confidential business information must not be disclosed to the public unless "the Secretary of Transportation decides that disclosure is necessary to carry out" 49 U.S.C. § 30101 (which in turn describes the Agency's purpose of reducing traffic accidents and deaths and injuries from those accidents).  49 U.S.C. § 30167(a)(4).  Plaintiff's only response is to claim that the Agency has taken inconsistent positions between now and the Agency's decision on his administrative appeal.

---

[2]    Plaintiff's unsupported assertions in footnote 4 of Plaintiff's brief are not worth further comment.  The record speaks for itself (ECF No. 18-1).  In any event, standing arguments are jurisdictional, and Local Civil Rule 7(m) is inapplicable to dispositive motions.

Pl.'s Opp'n (ECF No. 26) at 4.  But Plaintiff has misread the Agency's prior decision, which remanded for further proceedings so that Tesla's request for confidential treatment could be ruled upon in the first instance.  Admin. Admin. Appeal Decision (ECF No. 26-1) at 4; *see also supra* at 1–2.

However, even if Plaintiff's reading of 49 C.F.R. § 512.17(a) or the administrative appeal decision were accurate, which they are not, the Agency is prohibited from using its own regulation to override a statute and act inconsistently with Congress's demands.  *See* 49 U.S.C. § 30167(a)(4) (requiring an affirmative decision that "disclosure is necessary" before information related to a confidential matter may be disclosed).  If a statute and a regulation are inconsistent, it is the regulation, not the statute, that must yield.  *Brown v. Gardner*, 513 U.S. 115, 121–22 (1994).

Second, Defendants noted that Plaintiff's requested declaratory relief would bind the Department of Transportation ("Department") and all its components, rather than simply the Agency, because the Department is a named party in this case.  Again, Plaintiff attempts to amend the language in the operative complaint by limiting his request to FOIA requests pertaining to NHTSA and not to other agencies within the Department.  Pl.'s Opp'n (ECF No. 26) at 5.  Plaintiff appears to proclaim, without offering any explanation, that his desired declaratory judgment would not affect FOIA requests submitted to other agencies within the Department.  Nonetheless, as previously discussed, Plaintiff cannot amend the operative complaint using his responsive brief.

Third, Defendants explained that 49 C.F.R. § 512.17(a)'s time periods are not mandatory. Plaintiff ignores that this particular provision explicitly confirms that its "time periods may be extended by the Chief Counsel for good cause shown or on request from any person."  49 C.F.R. § 512.17(a).  The fact that the regulation explicitly contemplates extensions of its time periods further demonstrates that the Agency never intended for the Agency's extension of the presumptive

twenty- or thirty-day time periods to adjudicate confidentiality determinations to wreak havoc on non-parties' confidentiality interests.

Fourth, Defendants explained that the regulation is addressed to submitters of confidential information, not to FOIA requesters seeking submitted information. This is consistent with all the surrounding regulations. *See, e.g.*, 49 C.F.R. §§ 512.14–512.19. Because this regulation is intended to provide submitters of confidential information with assurances about the procedural rights that they will be afforded as their requests for confidential information are adjudicated, it would be directly inconsistent with this Part for the Court to read this regulation as imposing a mandatory obligation to disclose information when the Agency does not act within these timeframes. This reading is especially inconsistent because nothing in Part 512 would provide notice to an entity that their request is automatically denied on day 21 if a determination has not yet occurred. This conflicts with other provisions in Part 512 that afford entities with express notice and administrative recourse procedures upon a NHTSA decision to deny a confidentiality request. *See* 49 C.F.R. § 512.18 ("How will I be notified of the confidentiality determination?"); 49 C.F.R. § 512.19 ("What can I do if I disagree with the determination?"); 49 C.F.R. § 512.23 ("Under what circumstances may NHTSA publicly release confidential information?"). It is unreasonable to read NHTSA's regulations as carefully crafting a framework whereby entities receive notice and an opportunity for administrative reconsideration before denial in some instances, while failing to mention that in other situations those entities automatically lose all rights to confidentiality over submitted materials and lack any administrative recourse once that occurs.

Fifth, Defendants explained that 49 C.F.R. § 512.20, like 49 U.S.C. § 30167(a), requires the Agency to continue to treat information for which a properly filed confidentiality request is submitted as confidential until it makes a determination regarding its confidentiality. 49 C.F.R.

§ 512.20.  Plaintiff's claim that Defendants are "deliberately avoid[ing] ruling" on requests for confidential treatment, Pl.'s Opp'n (ECF No. 26) at 7, lacks merit and fails to recognize the practical constraints on the agency.  The Agency, like so many other agencies in the federal government, is simply overburdened with FOIA requests and requests for confidential treatment. *See Sack v. Dep't of Def.*, 823 F.3d 687, 693 (D.C. Cir. 2016) (acknowledging "the burden on already grossly overburdened FOIA offices in the Executive Branch," a burden which has only grown in the intervening years).  As a result, on certain occasions, when the Agency receives a FOIA request that it determines seeks records subject to a pending request for confidential treatment, it turns its attention to those records and makes a determination on the request.  The Agency then processes the documents accordingly.  The Agency triages as best as it can to comply with its statutory obligations.  It will not penalize submitters of confidential business information as it seeks to manage its workload, nor would it be appropriate for the Court to do so.  *See August v. FBI*, 328 F.3d 697, 701 (D.C. Cir. 2003) ("The law does not require that third parties pay for the Government's mistakes.").

Accordingly, the Court should reject Plaintiff's misreading of the Agency's statutory and regulatory requirements and dismiss Plaintiff's declaratory judgment request.

### III.    To the Extent Permitted by Law, FOIA Provides the Mechanism for Review of Plaintiff's Claim, Not the Declaratory Judgment Act.

Even if Plaintiff sought a narrower declaratory judgment than the one requested in the Complaint, and even if Plaintiff's misreading of the Agency's statutory and regulatory requirements were somehow correct, his declaratory judgment claim should still be dismissed. The FOIA statute "offers a clear and simple remedy for agency non-compliance with the FOIA deadlines: a motion [for summary judgment] asking the court to compel the agency to act." *Edmonds Inst. v. Dep't of Interior*, 383 F. Supp. 2d 105, 111 (D.D.C. 2005) (Bates J.).  The Court

will not grant declaratory relief if the plaintiff "does not explain how this remedy is inadequate, or why [he] cannot avail itself of this remedy the next time the [government] fails to adhere to the deadlines under FOIA." *Id.* Plaintiff's opposition brief does not even attempt to do so. Accordingly, Plaintiff's declaratory judgment claim should be dismissed.

## CONCLUSION

For the foregoing reasons and those stated in their opening brief, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's declaratory judgment claim.

Dated:  November 7, 2022                    Respectfully submitted,

                                             MATTHEW M. GRAVES, D.C. Bar No. 481052
                                             United States Attorney

                                             BRIAN P. HUDAK
                                             Chief, Civil Division

By:     */s/ Douglas C. Dreier*
                                             DOUGLAS C. DREIER, D.C. Bar No. 1020234
                                           Assistant United States Attorney – Civil Division
                                           U.S. Attorney's Office for the District of Columbia
                                           601 D Street, N.W.
                                           Washington, D.C.  20530
                                           (202) 252-2551
                                           douglas.dreier@usdoj.gov

                                           *Counsel for the United States of America*