UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON GREENSPAN,<br><br>        *Plaintiff,*<br><br>   v.<br><br>U.S. DEPARTMENT OF<br>TRANSPORTATION, *et al.*,<br><br>        *Defendants*. | Civil Action No. 22-0280 (DLF) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

DOUGLAS C. DREIER, D.C. Bar No. 1020234
Assistant United States Attorney – Civil Division
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C.  20530
(202) 252-2551
douglas.dreier@usdoj.gov

*Counsel for the United States of America*

# TABLE OF CONTENTS

BACKGROUND ................................................................................................................. 1

STANDARD OF REVIEW ................................................................................................. 2

ARGUMENT ....................................................................................................................... 3

CONCLUSION .................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**                                                                                                                   **Page(s)**

*Ackermann v. United States*,
   340 U.S. 193 (1950) ..................................................................................................... 3

\* *Am. Ctr. for Law & Just. v. Dep't of State*,
   249 F. Supp. 3d 275 (D.D.C. 2017) ......................................................................... 3, 4

*Avila v. Dailey*,
   404 F. Supp. 3d 15 (D.D.C. 2019) ............................................................................ 2, 3

*Cause of Action Inst. v. Eggleston*,
   224 F. Supp. 3d 63 (D.D.C. 2016) ................................................................................ 4

*Gonzalez v. Crosby*,
   545 U.S. 524 (2005) ...................................................................................................... 3

*Good Luck Nursing Home, Inc. v. Harris*,
   636 F.2d 572 (D.C. Cir. 1980) ....................................................................................... 3

*Hall v. C.I.A.*,
   437 F.3d 94 (D.C. Cir. 2006) ..................................................................................... 2, 3

\* *Jud. Watch, Inc. v. Dep't of Homeland Sec.*,
   895 F.3d 770 (D.C. Cir. 2018) ................................................................................... 3, 4

*Klapprott v. United States*,
   335 U.S. 601 (1949) ...................................................................................................... 3

*Kramer v. Gates*,
   481 F.3d 788 (D.C. Cir. 2007) ................................................................................... 2, 3

*Munoz v. Bd. of Trs.*,
    730 F. Supp. 2d 62 (D.D.C. 2010) ................................................................................... 3

**Rules and Regulations**

Fed. R. Civ. P. 12 ............................................................................................................... 3

\* Fed. R. Civ. P. 60 ........................................................................................................ 1, 2, 3, 6

LCvR 7 ................................................................................................................................ 1

49 C.F.R. § 512.17 ............................................................................................................. 2

Pursuant to Local Civil Rule 7(b), Defendants respectfully oppose Plaintiff's motion for reconsideration (ECF No. 29). For the reasons explained below, the Court should deny Plaintiff's motion.

## BACKGROUND

Plaintiff initiated this FOIA action on February 3, 2022. The initial Complaint (ECF No. 1) named three defendants: the U.S. Department of Transportation, the National Highway Traffic Safety Administration ("Agency"), and the U.S. Securities and Exchange Commission ("SEC"). It sought relief regarding four FOIA requests that were identified as: (1) March 7, 2021 FOIA Request to the Agency (Self-Driving Vehicles); (2) May 27, 2021 FOIA Request to the Agency (Radar Removal); and (3) two FOIA requests to the SEC. Plaintiff filed a First Amended Complaint on March 24, 2022 (ECF No. 5), which added three further FOIA requests to the SEC. On April 19, 2022, Plaintiff filed a Second Amended Complaint (ECF No. 7). The Second Amended Complaint dropped the SEC as a defendant and, accordingly, dropped the various FOIA requests to the SEC.

On October 11, 2022, the Court permitted Plaintiff to file a Third Amended Complaint. The Third Amended Complaint (ECF No. 21) added another FOIA request to the scope of this action, which is referred to as the March 7, 2021 FOIA Request to the Agency (Ajit Alkondon). More relevant here, the Third Amended Complaint attempted to add a declaratory judgment claim regarding any records purportedly subject to "expired" requests for confidential treatment. 3d Am. Compl. (ECF No. 21) ¶¶ 64–72. Specifically, it sought a declaratory judgment that "clarif[ies] that Plaintiff has the right to immediate production of records under FOIA in all past, present and future FOIA requests where Defendants have improperly withheld records due to expired requests

for confidential treatment . . . and/or requests for confidential treatment upon which they have never issued a ruling beyond the timeframes described in 49 C.F.R. § 512.17(a)." *Id.* ¶ 72.

Defendants moved to dismiss the declaratory judgment claim (ECF No. 22), which Plaintiff opposed (ECF No. 26). On January 23, 2023, the Court entered an Order (ECF No. 28) granting Defendants' partial motion to dismiss. On January 30, 2023, Plaintiff moved for reconsideration (ECF No. 29). Plaintiff's motion is premised on Federal Rule of Civil Procedure 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect") and/or 60(b)(6) ("any other reason that justifies relief"). It does not identify any newly discovered evidence or precedents, but primarily takes issue with the Court's reading of various authorities.

## STANDARD OF REVIEW

Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" on one of six enumerated grounds. Fed. R. Civ. P. 60(b). A litigant "must clear a very high bar" to secure this relief. *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007). Here, Plaintiff invokes two of these grounds: Rule 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect") and/or Rule 60(b)(6) ("any other reason that justifies relief"). Fed. R. Civ. P. 60(b)(1), (b)(6).

Relief under Rule 60(b)(1) is "rare" because district courts are permitted to "correct only limited types of substantive errors." *Hall v. C.I.A.*, 437 F.3d 94, 99 (D.C. Cir. 2006). To obtain relief under Rule 60(b)(1) based on a court's mistake, the court must have "committed an 'obvious error,' such as basing its legal reasoning on case law that it failed to realize had recently been overturned,' or 'in the very limited situation when the controlling law of the circuit changed between the time of the court's judgment and the Rule 60 motion.'" *Avila v. Dailey*, 404 F. Supp. 3d 15, 23 (D.D.C. 2019) (citations omitted). "Standing alone, a party's disagreement with a district

court's legal reasoning or analysis is rarely, if ever, a basis for relief under Rule 60(b)(1)." *Munoz v. Bd. of Trs.*, 730 F. Supp. 2d 62, 67 (D.D.C. 2010).

Plaintiff also relies on Rule 60(b)'s catch-all provision, Rule 60(b)(6), which gives courts discretion to vacate or modify judgments when it is "appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614–15 (1949). But the Supreme Court has consistently held that Rule 60(b)(6) motions should be granted only in "extraordinary circumstances." *Ackermann v. United States*, 340 U.S. 193, 199 (1950); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). The D.C. Circuit has "similarly observed that Rule 60(b)(6) "should be only sparingly used." *Kramer*, 481 F.3d at 792 (quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980)).

## ARGUMENT

Plaintiff's motion should be denied because Plaintiff has not demonstrated that this is one of the admittedly "rare" cases in which Rule 60(b) relief is appropriate. Pl.'s Mot. (ECF No. 29) at 3 (citing *Hall*, 437 F.3d at 99). The motion identifies no cases that the Court relied on that were overturned, nor does it identify a change in the controlling law of the Circuit between January 23, 2023, and today. *See Avila*, 404 F. Supp. 3d at 23. Plaintiff disagrees with the Court's legal reasoning, but such a disagreement is not an appropriate basis for relief under Rule 60(b). *See Munoz*, 730 F. Supp. 2d at 67.

Neither of the two cases on which Plaintiff's motion primarily relies supports Plaintiff's arguments. Pl.'s Mot. (ECF No. 29) at 4–7 (citing *Jud. Watch, Inc. v. Dep't of Homeland Sec.*, 895 F.3d 770 (D.C. Cir. 2018); *Am. Ctr. for Law & Just. v. Dep't of State*, 249 F. Supp. 3d 275 (D.D.C. 2017)). First, in *Judicial Watch*, the D.C. Circuit reversed a Rule 12(c) judgment on a request for

3

injunctive relief and remanded for further proceedings. *Jud. Watch*, 895 F.3d at 784. That case is uninstructive as it did not implicate either the procedural or substantive legal standards that bear upon the Court's grant of the partial motion to dismiss in this case. For instance, *Judicial Watch* did not concern a declaratory judgment claim, the standards applicable to a motion for reconsideration, or any of the FOIA matters at issue here, such as requests for confidential treatment or the specific regulation that Plaintiff misinterprets. *Id.* at 777. Instead, the *Judicial Watch* Court (on appeal rather than upon reconsideration) evaluated whether to apply a different form of relief to a different agency regarding a set of FOIA requests and records that implicated unrelated standards for disclosure. *Id.* at 773–75.

Moreover, the Court's partial dismissal order in this case is fully consistent with and actually supported by the second case relied on by Plaintiff. *See Am. Ctr.*, 249 F. Supp. 3d at 286. In that case, the District Court *granted* a motion to dismiss due to insufficient allegations of an agency policy or practice that violated FOIA. *Id*. The *American Center* holding illustrates the extent of allegations necessary to properly allege such a claim. *See id.* at 283 (explaining that "[d]elay-based claims must instead rely on some identifiable set of agency actions that is 'done to delay'") (quoting *Cause of Action Inst. v. Eggleston*, 224 F. Supp. 3d 63, 71 (D.D.C. 2016)). As this Court's Order recognized, Plaintiff's pleadings do not satisfy this requirement. In fact, at no point in the Third Amended Complaint (ECF No. 21) does Plaintiff allege that the Agency delayed ruling on requests for confidential treatment with the intention to delay Plaintiff access to non-exempt records; to the contrary, Plaintiff simply asserts that the Agency has provided "no justification for [its] delay." 3d Am. Compl. (ECF No. 21) ¶ 72.

As Plaintiff's motion rehashes arguments that he made or could have made in his original opposition (ECF No. 26), Defendants refer to their opening brief (ECF No. 22-1) and reply (ECF

4

No. 27) for further discussion as to why the Court appropriately granted Defendants' partial motion to dismiss. The parties, counsel, and especially the Court have busy dockets, and Plaintiff has not met his burden to demonstrate that his disagreements with the Court's legal reasoning warrant reconsideration of the Court's Order.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion for reconsideration (ECF No. 29).

Dated: February 13, 2023            Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar No. 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     /s/ *Douglas C. Dreier*
DOUGLAS C. DREIER, D.C. Bar No. 1020234
Assistant United States Attorney – Civil Division
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2551
douglas.dreier@usdoj.gov

*Counsel for the United States of America*

5